**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Mr. G. and Ms. K

         v.                                    Civil No. 04-cv-188-PB

Timberlane Regional School District


**REPORT AND RECOMMENDATION**


        Plaintiffs move for an emergency hearing and injunctive
relief based on the Defendant's alleged retaliation against them
for bringing this lawsuit appealing four administrative hearing
decisions pertaining to their daughter's education.  Plaintiffs
request that the court issue an order granting the following
relief: (1) enjoin the Defendant from further retaliating against
the Plaintiffs; (2) order the Defendant to provide tutoring
services for their daughter; (3) order the Defendant to provide
nursing services for their daughter; and (4) order the Defendant
to immediately place their daughter in either the Sylvan Learning
Center or the Learning Skills Academy until long-term placement
in the Learning Skills Academy is completed.  Defendant objects.

        The Court granted the Plaintiffs' request for an evidentiary
hearing, which was held on December 21, 2005.  Ms. K. testified

at the hearing and introduced 42 exhibits into evidence.  The
Court addresses the Plaintiffs' most notable instances of alleged
retaliation herein.

The Court finds that the Defendant's submission of an
abuse/neglect incident report to the state after the student
appeared at school with extremely high blood sugar levels was
consistent with the Defendant's state law obligations and does
not support the Plaintiff's retaliation claim.  Although that
report was later determined by the state authorities to be
unfounded, the facts of which the Defendant was aware at the time
of the incident supported an objectively reasonable belief that
the student's medical health may have been danger.  <u>See</u> Pls.'s
Ex. 5.

The Court further finds that Defendant's issuance of a
subpoena for medical records from the Hampstead Hospital, for use
in an administrative hearing that is not part of the instant
lawsuit, is not retaliatory even though Plaintiffs allege that
the subpoena could have adversely affected Mr. G's employment at
the hospital.  Nor is the Defendant's attorney's preparation of
an affidavit for an individual who contacted the school regarding
Plaintiffs' daughter a sufficient basis to find that the

Defendant has retaliated against the Plaintiffs.  Those actions are typical tasks undertaken in support of ongoing litigation.

Since the Court finds that the Plaintiffs have presented no credible evidence of retaliation, the Court further finds that the Plaintiffs are not likely to succeed on the merits of their claim.  Therefore, no injunctive relief is warranted.  See New Comm Wireless Serv., Inc. v. Sprintcom, Inc., 287 F.3d 1, 9 (1st Cir. 2002) (finding that if the moving party cannot demonstrate a likelihood of success on the merits, the remaining preliminary injunction factors become matters of idle curiosity).

With regard to Plaintiffs' request for an order requiring the Defendant to provide tutoring services, nursing services and immediate out-of-district placement for their daughter, this court lacks subject jurisdiction to grant the request.  While those matters have been the subject of discussions between the parties, they are not part of the administrative hearing decisions that are before this court.  Nor does it appear that the Plaintiffs have submitted those issues to the administrative hearing process and then properly taken appeals to this court.  Therefore, the Plaintiffs have not exhausted their administrative remedies with regard to those issues.

For the reasons set forth above, the Court recommends that Plaintiffs' request for injunctive relief (document no. 83) be denied in its entirety.

Any objections to this Report and Recommendation must be filed within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the district court's order. See Unauthorized Practice of Law Comm. v. Gordon, 979 F.2d 11, 13–14 (1st Cir. 1992); United States v. Valencia–Copete, 792 F.2d 4, 6 (1st Cir. 1986).

_____
James R. Muirhead
United States Magistrate Judge

Date: December 22, 2005

cc:  Mr. G., pro se
     Ms. K., pro se
     Dianne M. McCormack, Esq.
     Jeanne M. Kincaid, Esq.